# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEON JAMES, | Case No.  1:15-cv-00628-DAD-BAM-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND FAILURE TO OBEY A COURT ORDER |
| v. | |
| N. ACOSTA, et al., | |
| Defendants. | OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

By order filed November 18, 2015, the Court dismissed the complaint for failure to state a claim and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has not filed an amended complaint.[1]

In the November 18, 2015 order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  The deadline for Plaintiff to file his amended complaint has

---

[1] On December 8, 2015, the United States Postal Service returned the November 18, 2015, order as undeliverable. A notation on the envelope indicates that the mail is unclaimed. Other court correspondence to Plaintiff has been returned to the court as undeliverable.   However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f).

1    passed, and he has not complied with the Court's order.

2       Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

3    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

4    within the inherent power of the Court."  District courts have the inherent power to control their

5    dockets and "[i]n the exercise of that power they may impose sanctions including, where

6    appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

7    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

8    failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,

9    46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

10    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

11    requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th

12    Cir. 1987) (dismissal for failure to comply with court order).

13       In determining whether to dismiss an action, the Court must consider several factors: (1)

14    the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

15    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

16    cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

17    F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds

18    that the public's interest in expeditiously resolving this litigation and the Court's interest in

19    managing the docket weigh in favor of dismissal.  This action has been pending since January

20    2015.  The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff.  The

21    third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption

22    of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

23    Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring

24    disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal

25    discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will

26    result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d

27    at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424.  The Court's November 18,

28    2015 order granting Plaintiff leave to amend his complaint expressly stated, "If Plaintiff fails to

file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim." (ECF No. 24.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Because Plaintiff has not filed an amended complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a claim upon which the Court could grant relief. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Accordingly, IT IS HEREBY RECOMMENDED that this action is dismissed for failure to state a claim upon which relief could be granted and for failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 18 U.S.C. § 636(b)(1)(B). Within **fourteen** days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of rights on appeal. Wilkerson v. Wheeler, 77 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan), 923 F.2d 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 6, 2016**                    /s/ Barbara A. McAuliffe

                                          UNITED STATES MAGISTRATE JUDGE